FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

26 JAN 21 PM 2: 50

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Shannon Shawn O'Neil,          )
                      )
    Plaintiff,           )
                      )
v.                    )  Civil Action No. _____
                      )
Julie Herrera-Rivera, individually and  )
in her official capacity;         )
Mariah Atencio, individually and     )
in her official capacity;         )
City and County of Denver,       )
                      )
    Defendants.        )


## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (42 U.S.C. § 1983)


### I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Denver County, Colorado.


### II. PARTIES

4. Plaintiff Shannon Shawn O'Neil is a resident of Denver, Colorado and is the biological father of a minor child.

5. Defendant Julie Herrera-Rivera was, at all relevant times, a caseworker employed by Denver Human Services and acted under color of state law.

6. Defendant Mariah Atencio was, at all relevant times, a caseworker

employed by Denver Human Services and acted under color of state law.

7. Defendant City and County of Denver operates Denver Human Services and is responsible for the policies, customs, supervision, and training of its employees.

## III. STATEMENT OF FACTS

8. In or about 2020, Denver Human Services initiated a dependency and neglect proceeding involving Plaintiff's minor child.

9. From the outset of that proceeding, Plaintiff was misidentified as the neglectful parent, despite not being the individual responsible for the alleged conduct underlying the petition.

10. Defendant Julie Herrera-Rivera authored and submitted reports and records that incorrectly attributed neglect allegations to Plaintiff.

11. Plaintiff repeatedly objected to this misidentification and informed Defendants that the allegations attributed to him were factually inaccurate.

12. Despite Plaintiff's objections, the misidentification was never corrected and continued to be relied upon throughout the case.

13. After assuming responsibility for the case, Defendant Mariah Atencio continued to rely upon and repeat the same false attribution of neglect to Plaintiff.

14. Defendants failed to conduct a meaningful investigation to verify the accuracy of the allegations attributed to Plaintiff.

15. As a result of Defendants' actions, Plaintiff was subjected to prolonged court involvement, restrictions on parenting time, and the eventual termination of his parental rights.

16. Defendants' continued reliance on false information deprived Plaintiff of a fair process and a meaningful opportunity to be heard.

## IV. CLAIM FOR RELIEF
(Procedural Due Process – Fourteenth Amendment)
(42 U.S.C. § 1983)

17. Plaintiff incorporates paragraphs 1 through 16 as if fully set forth herein.

18. Plaintiff has a constitutionally protected liberty interest in the care, custody, and control of his child.

19. Defendants deprived Plaintiff of that liberty interest by knowingly maintaining and relying upon false information in official proceedings, without providing a meaningful opportunity to correct the record.

20. Defendants' conduct violated Plaintiff's right to procedural due process under the Fourteenth Amendment.

## V. MUNICIPAL LIABILITY
(Monell – City and County of Denver)

21. Plaintiff incorporates paragraphs 1 through 20.

22. The constitutional violations described herein were caused by policies, customs, or practices of the City and County of Denver, including but not limited to:

    a. Failure to correct known factual errors in dependency proceedings;
    b. Failure to adequately train and supervise caseworkers;
    c. Ratification of unconstitutional conduct by supervisory personnel.

23. These policies and practices were the moving force behind the violations of Plaintiff's constitutional rights.

## VI. DAMAGES

24. As a direct and proximate result of Defendants' actions, Plaintiff has suffered loss of familial association, emotional distress, reputational harm, and deprivation of constitutional rights.

25. Plaintiff seeks compensatory damages, punitive damages against the individual Defendants, and costs of this action.

## VII. JURY DEMAND

26. Plaintiff demands a trial by jury on all issues so triable.


VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants' actions violated Plaintiff's constitutional rights;
B. Award compensatory damages;
C. Award punitive damages against the individual Defendants;
D. Award costs and such other relief as the Court deems just and proper.


Respectfully submitted,

Shannon Shawn O'Neil
Plaintiff, Pro Se
2890 Brighton Blvd #364
Denver, CO 80216
Telephone: 720-576-3254
Email: oneil4kt@gmail.com
Date: 01-21-2026