IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00255-CNS-CYC

SHANNON SHAWN O'NEIL,

    Plaintiff,

v.

JULIE HERRERA-RIVERA, individually and in her official capacity,
MARIAH ATENCIO, individually and in her official capacity, and
CITY AND COUNTY OF DENVER,

    Defendants.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Plaintiff Shannon Shawn O'Neil moves for appointment of counsel and requests that he receive an exemption fee to the Public Access to Court Electronic Records ("PACER") website. ECF Nos. 12, 13. The Court considers the plaintiff's motions without awaiting a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). Unfortunately, at this point, the plaintiff's request for an appointment of counsel is premature and, as such, for the reasons that follow, the Motion is **DENIED without prejudice**. The plaintiff's request for an exemption fee to PACER is **DENIED without prejudice** for a failure to demonstrate a need for the exemption.

**ANALYSIS**

The plaintiff first requests appointment of counsel. Unlike criminal defendants, civil claimants do not have a Sixth Amendment right to appointed counsel. *Fischer v. Dunning*, 574 F. App'x 828, 832 (10th Cir. 2014). Moreover, a district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x

708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating those factors and including fourth factor: "the degree to which the interests of justice, including the benefits to the court, will be served by appointment of counsel"). A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115.

At this stage, the plaintiff's asserted reasons for appointment fall short of carrying that burden. While the plaintiff would like pro bono counsel, that desire does not carry the burden. To be sure, "having counsel appointed would . . . assist[] him in presenting his strongest possible case," but "the same could be said in any case." *Rucks*, 57 F.3d at 979. Indeed, a person's financial status does not guarantee the right to counsel in civil cases. *See Jones v. Pizza Hut, Inc.*, No. 10-cv-00442-WYD-KMT, 2010 WL 1268048, at *1 (D. Colo. Mar. 30, 2010); *see also Vasquez v. U.S. Off. of Pers. Mgmt.*, 847 F. Supp. 848, 849 (D. Colo. 1994) ("There is no constitutional right to counsel simply because a litigant is indigent."). And while there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's complaint is not amongst the most complex that find their way into federal court.

Should the facts the Court has considered materially change, the plaintiff may renew his request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

The plaintiff also requests an exemption of any PACER fees because he proceeds in forma pauperis and cannot afford the fees due to his financial hardships. Courts "may exempt certain persons . . . from payment of the user access fee." *See* Electronic Public Access Fee Schedule, Effective January 1, 2020, https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule (last visited March 18, 2026). When considering whether to grant an exemption to the payment of these fees, a court must find "that [the individual] seeking an exemption ha[s] demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *See id.* But "'[e]xemptions from PACER user fees are uncommon,' and '[i]n forma pauperis status alone does not support a request to waive PACER fees.'" *Glenn v. Americo*, Case No. 2:24-cv-00184-TL, 2024 WL 5077345, at *1 (W.D. Wash. Dec. 11, 2024) (quoting *Katumbusi v. Gary*, No. 2:14-cv-1534 JAM AC PS, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014)). The plaintiff's financial status alone, then, is not sufficient for this Court to conclude that his PACER fees may be waived. The plaintiff asserts that he cannot monitor the filings in this case because he cannot pay the PACER fees. This Court, however, mails all filings to the plaintiff.  As such, the plaintiff has not demonstrated a need for an exemption.

**CONCLUSION**

For the foregoing reasons, the plaintiff's Motion for Appointment of Counsel, ECF No.

13, and Motion for PACER Fee Exemption, ECF No. 12, are **DENIED without prejudice**.

Entered and dated this 18th day of March, 2026, at Denver, Colorado.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

4